209 So.2d 279 (1968)
David J. BROOKS, a Minor, by and through His Mother and Next Friend, Leatha Brooks, and Leatha Brooks, Individually, Appellants,
v.
Ernest SERRANO, Appellee.
No. 1008.
District Court of Appeal of Florida. Fourth District.
April 23, 1968.
Ira Pozen of Law Office of David Goldman, Miami, for appellants.
James J. Linus, of McCune, Hiaasen, Crum & Ferris, Fort Lauderdale, for appellee.
*280 REED, Judge.
The appellants in this case are David J. Brooks, a minor, and Leatha Brooks, his mother. They were plaintiffs in the trial court. The defendant and appellee here is Dr. Ernest Serrano. The suit was brought by the plaintiffs to recover for injuries allegedly caused by the medical malpractice of the defendant in connection with the delivery of the plaintiff David J. Brooks.
The charges of negligence in the complaint assert that the defendant, a general medical practitioner, was negligent in his prenatal care of the plaintiff in that he failed to secure an adequate medical history of the prior pregnancies of the plaintiff Leatha Brooks; in the delivery of the plaintiff David J. Brooks; and, in failing to immediately discover injuries and take remedial steps following the birth of David J. Brooks.
The defendant denied negligence and filed a motion for summary judgment supported by his own affidavit and deposition and the deposition of the plaintiff. The motion for summary judgment was granted and a summary final judgment was entered from which this appeal has been taken.
The issue before this court is whether the trial court erred in entering a summary final judgment for the defendant on the basis of the record before it.
The burden upon the defendant in connection with the motion for summary judgment was to make a conclusive showing that there were no genuine issues of material fact relating to the ultimate issues of negligence framed by the pleadings. Holl v. Talcott, Fla. 1966, 191 So.2d 40, 43, 47.
The formula which has typically been used to express the duty of a physician in connection with the diagnosis and treatment of a patient is that the physician must use the ordinary skills, means and methods that are recognized as necessary and which are customarily followed in the particular type of case according to the standard of those who are qualified by training and experience to perform similar services in the community or in a similar community, Lab v. Hall, Fla.App. 1967, 200 So.2d 566. This duty is imposed upon specialists and general practitioners alike, Crovella v. Cochrane, Fla.App. 1958, 102 So.2d 307, 311.
To determine what skills, means and methods are recognized as necessary and customarily followed in the community with respect to any given case normally requires expert testimony, except where the duty and its breach are so obvious as to be apparent to persons of common experience, Crovella v. Cochrane, supra; Brown v. Swindal, Fla.App. 1960, 121 So.2d 38, 40, and Dohr v. Smith, Fla. 1958, 104 So.2d 29. In our opinion, the present case does not come within the exception to the general rule; therefore, it was encumbent upon the defendant in moving for summary judgment to show by expert testimony the pertinent standard of care and that his conduct was in compliance therewith.
To make this showing the defendant relied upon his own affidavit which was attached to the motion for summary judgment and which in its pertinent part stated:
"Early in the morning of December 27, 1961, I was informed that Mrs. Leatha Brooks was in Memorial Hospital, in labor, by the nurse in charge of the delivery room. I went to Memorial Hospital around 1:00 A.M., and found Mrs. Brooks in labor. During the delivery of an infant boy to Mrs. Brooks at Memorial Hospital on the aforesaid date I performed my services skillfully and efficiently, and in keeping with acceptable medical standards of other physicians and surgeons practicing in this general community, Broward County in particular."
In our opinion this affidavit was insufficient to make the conclusive showing required by Holl v. Talcott, supra. The affidavit provided only a conclusion of the defendant without any expert explanation as to the standard of care and its application to *281 the facts of the present case. A similar type affidavit was condemned in Holl v. Talcott as a "net opinion" and merely a plea of not guilty.
In the defendant's deposition he testified that the baby was born in a breech position, that is, with feet first. He testified that after the delivery started, when the baby reached the level of its belly, the umbilical cord was delivered. At this point the defendant noticed that the cord was not pulsating which meant that the baby was not getting oxygen from its mother. Since the baby's nose and mouth were not then delivered, there was no passage for air. According to the defendant, at this time there was no choice of procedure. He had to interfere in the birth by manipulating the baby and risk damage to the arms or brachial plexus of the child  otherwise the baby might have suffocated. Having made this decision, the defendant manipulated the baby's left arm in an attempt to deliver the baby's head and create an air passage. As he did so he felt the baby's left humerus snap. Thus the doctor was aware, immediately upon the birth of the child, that it had sustained a fractured left humerus in the course of the birth. Despite the fact that the defendant's testimony in his deposition appears reasonable, it does not explain what means and methods normally are followed in the community by other qualified physicians, and without more detail of this nature, the trial judge could only apply his own conception as to the standard of care which the law imposes on the defendant.
With respect to the charge that the defendant failed to use reasonable care after the birth of the baby, the defendant's own deposition contains conflicting statements as to what he actually did. The deposition is susceptible of an inference that the defendant immediately sought the consultation of an orthopedic surgeon and a pediatrician. The deposition is also susceptible of an inference that a delay occurred in seeking the consultation of both the orthopedic surgeon and the pediatrician. Furthermore, the deposition provides no standard of care normally followed in the community by qualified physicians when faced with the situation that confronted the defendant immediately after the birth of the minor plaintiff. A delay, if there was one, in securing the aid of the specialists may not have been inconsistent with the proper standard of care or may not have proximately caused damages to the minor plaintiff, but such is not conclusively shown by the defendant's affidavit or deposition.
For the foregoing reasons, we conclude that the defendant did not make the conclusive showing required by Holl v. Talcott with regard to the issues of negligence in the delivery of the minor plaintiff and his after care. In fairness to the trial court it should be noted that its decision was reached prior to the publication of the Florida Supreme Court's opinion in Holl v. Talcott, supra.
The summary final judgment is reversed and the cause is remanded for further proceedings not inconsistent herewith.
WALDEN, C.J., and CROSS, J., concur.