233 So.2d 840 (1970)
Charlie W. ASHBURN, Appellant,
v.
Dr. M.S. FOX, Appellee.
No. 69-491.
District Court of Appeal of Florida, Third District.
April 14, 1970.
Rehearing Denied May 6, 1970.
Thomas D. O'Malley, Horton & Schwartz, Miami, for appellant.
Blackwell, Walker & Gray, and Paul R. Larkin, Jr., Dean, Adams, George & Wood, Miami, for appellee.
Before CHARLES CARROLL, BARKDULL and SWANN, JJ.
PER CURIAM.
The only point involved in this case is whether or not, in a malpractice case, medical experts or doctors can testify as to the proper standard of care to be used by an osteopath in diagnosing a cancerous condition. The trial court held that said experts could not so testify because they indicated they were not familiar with the standard of care normally used in the community by osteopaths.
As clearly pointed out by the Supreme Court of Florida in Foster v. Thornton, 125 Fla. 699, 170 So. 459, their testimony would be admissible under the circumstances of the existing case. In said opinion, the following is found at page 463:
* * * * * *
"* * * It does not exclude the testimony of physicians of other schools or experts in other lines when that testimony *841 bears on a point as to which the principles of the schools do or should concur, such as the dangers incident to the use of X-rays or the existence of a condition that should be recognized by any physician. 21 R.C.L. 383; 22 C.J. 661. In Longan v. Weltmer, 180 Mo. 322, 79 S.W. 655, 64 L.R.A. 969, 103 Am. St.Rep. 573, it was held that any person qualified by education and experience may testify whether the treatment which plaintiff underwent was proper."
* * * * * *
See also this court's opinion in Musachia v. Terry, Fla.App. 1962, 140 So.2d 605; Hawkins v. Schofman, Fla.App. 1967, 204 So.2d 336.
Therefore, the final judgment based upon the directed verdict here under review be and the same is hereby reversed, with directions to grant the plaintiff a new trial.
Reversed and remanded, with directions.