de la HOUSSAYE, Judge.
This appeal is taken by the husband, Alvin Pourciau, Jr., seeking to reverse the trial court’s judgment granting custody of his three year old son, Anthony Jason Pourciau, to his wife and the child’s mother, Suzanne Bonaventure Pourciau. The entire matter arose from a separation suit filed by appellant seeking a legal separation on the ground of abandonment as well as the custody of the child. The suit was answered by Mrs. Pourciau who reconvened seeking a separation on the ground of cruel treatment. The suit was heard on December 13, 1973, at which time the trial court rendered judgment of separation in favor of appellant but reserved its decision on child custody. The court allowed additional evidence to be heard concerning this matter on January 3, 1974, but subsequently rendered judgment of custody in favor of appellee. No appeal was taken by either party concerning the judgment of separation. The only issue before this court is the issue of custody. No answer to the, appeal has been filed by appellee.
From the record, it appears that the entire conflict between appellant and appellee arose with the presence of one Ricky Dor-ego, who apparently spent a considerable amount of time with Mrs. Pourciau while Mr. Pourciau was at work. Several witnesses were called who testified that Dore-go’s character was bad as he was a known marijuana user and he had a reputation as a seller of marijuana. Appellant testified that he insisted Dorego leave the trailer and not visit Mrs. Pourciau, but Mrs. Pourciau rebuked him severely for this and continued to allow Dorego to visit the home. When Mrs. Pourciau left the matrimonial domicile, she moved into her mother’s home in New Orleans, who was in the process of divorcing her father and who was, at the time, living with a Michael Gatto, who is Dorego’s uncle. After staying there for approximately two weeks, she moved into her sister-in-law’s home who was also in the process of seeking a legal separation from appellee’s brother and who has three children in the home. At the time of the first hearing, she was living with her sister-in-law. Appellee has *812 a ninth grade education and is eighteen years old. She admits that she cannot live with her father as he is living with his elderly mother in a very small home. She stated to the court that she was seeking to find an apartment in Baton Rouge and-attempt to either go to school in order to learn a vocation or obtain a job.
At the time of the first trial appellant was living with his mother, Mrs. Gertie Pourciau. The trial court found, and the record amply reflects, that Mrs. Pourciau is financially secure, lives in a small home, loves the child dearly and would take very good care of the child should her son remain with her at her home. Appellant is also quite young and the Trial Court found him to be quite immature.
Mrs. Pourciau denied any adulterous relationships with Dorego and the Trial Court found specifically that she was not guilty of any adulterous relationship nor was she morally unfit. Appellant, under cross-examination, admitted that appellee took very good care of the child, that she loved him, and that she was a good mother when they were living together.
At the second hearing, appellee testified that she had found an apartment for herself and her child and that she had a very good prospect of a job.
At the first hearing, the Trial Court was concerned that appellee had no fixed plans for the future, pointing out that every home she is welcomed in is overcrowded or a broken home. He found that there was no evidence of any moral unfitness on her part. Pie found that if custody were awarded to the mother, she would give the child her love and in his opinion, she would in no way intentionally neglect the child. After the second hearing, he noted that the wife had found an apartment in New Roads and had prospects of a job. Accordingly, since he found that it was not proven that Mrs. Pourciau was morally unfit he awarded custody to her.
In Estes v. Estes, 261 La. 20, 258 So.2d 857 (1972), the court, pointing to Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971), summarized the applicable legal principles concerning custody of children, as follows:
“(1) The paramount consideration in determining to whom custody should be granted is always the welfare of the children.”
“(2) The general rule is that it is in the best interest of the children of the marriage to grant custody to the mother, especially when they are of tender years. Such paramount right of the mother to custody should not be denied unless she is morally unfit or otherwise unsuitable, and it is only in exceptional cases that the better interest of the children is served by changing their custody from the mother to the father.”
“(4) Upon appellant review, the determination of the trial judge in child custody matters is entitled to great weight. He is in a better position to evaluate the best interest of the children from his total overview of the conduct and character of the parties and the children and of community standards. His discretion on the issue will not be disturbed on review in the absence of a clear showing of abuse thereof.” Id., 258 So.2d p. 859.
Guided by these principles, we cannot find that the Trial Court committed any abuse in his determination of custody under the facts as contained in this record. The Trial Court, which saw and heard the witnesses concluded that the custody of this child should be awarded to the mother. The record reflects that this child is of tender years, that Mrs. Pourciau was a good and loving mother to her child while she was married to appellant, and that the Trial Judge was apparently satisfied that she would be able to care for this child. We cannot find that he has committed error in this determination as appellant has not shown to this Court an abuse of his discretion. Fulco v. Fulco, supra; Estes *813 v. Estes, supra; Tiffee v. Tiffee, 254 La. 381, 233 So.2d 840 (1969); Decker v. Landry, 227 La. 603, 80 So.2d 91 (1955). Accordingly, for the foregoing reasons, the judgment of the Trial Court is affirmed at appellant’s costs.
Judgment affirmed.