416 So.2d 910 (1982)
William MITCHELL, As Personal Representative of the Estate of Annabelle Mitchell, Deceased, and William Mitchell, Individually, Appellant,
v.
Maria S. ANGULO, M.D., Appellee.
No. 81-1495.
District Court of Appeal Florida, Fifth District.
July 14, 1982.
*911 James P. Kelaher of Law Offices of Nolan Carter, P.A., Orlando, for appellant.
Ronald L. Harrop of Gurney, Gurney & Handley, P.A., Orlando, for appellee.
COBB, Judge.
The issue in this case is whether the trial court erred by construing section 768.45, Florida Statutes (1981), to prohibit testimony from appellant's proposed "similar health care provider." We hold it did and reverse.
In March, 1980, appellant William Mitchell, as personal representative of the estate of his deceased wife, filed a complaint alleging malpractice on the part of appellee, Maria S. Angulo, M.D., which resulted in the death of his wife.
On October 14, 1981, the trial court, finding that the appellant's proposed expert, Stephen Van Ore, M.D., was not "a similar health care provider" under section 768.45, Florida Statutes (1981), granted appellee's motion to strike. Since Dr. Van Ore was the only expert the appellant had, the court entered a summary judgment for the appellee based on Reynolds v. Burt, 359 So.2d 50 (Fla. 1st DCA 1978), and the need for expert testimony in the case, as agreed on by both parties.
Mitchell filed a motion for rehearing on October 23, 1981, claiming that the ruling on the motion to strike the expert was contrary to the evidence in the case and to the laws of the State of Florida. The appellant also raised for the first time the claim that section 768.45 was unconstitutional.
On November 17, 1981, the trial judge denied the petition for rehearing and expressly declined to pass on the constitutionality of section 768.45, since the constitutional issue was not previously raised. From this dismissal, appellant filed his notice of appeal.
By the briefs of the parties and the objections made by the appellee's attorney at Dr. Van Ore's deposition, it can be seen that the basis for the granting of the motion to strike the expert and the subsequent summary judgment was the belief of the defendant and of the trial court that the proposed expert was not a "similar health care provider," since he was in fact overly qualified.
Although both Dr. Van Ore and Dr. Angulo are licensed to practice medicine in Florida, Dr. Van Ore is board certified by the American Board of Family Practice, whereas Dr. Angulo is not certified in any area. Additionally, the medical training of the two doctors is different. Dr. Angulo received her medical degree from a University in Spain; had one year of a rotating internship at Pope General Hospital in pediatrics and medicine; then worked as a pediatric house physician at Orange Memorial Hospital in Orlando for three months. Dr. Angulo then took the Florida license exam in 1976, and began her private practice shortly thereafter. Dr. Van Ore graduated from the University of Miami, did a year's residency in internal medicine and a year's intership as well. He has been in practice since 1972, and has been board certified in family practice since June, 1977. Dr. Van Ore is on the staff of three hospitals in the Orlando area.
While acknowledging some differences in his credentials, particularly the board certification, Dr. Van Ore did point out in his *912 deposition that he was in practice for five years before certification as was the defendant, and was familiar with what someone in that position should do.
Appellant claims that the trial court erred by finding that Dr. Van Ore was not a similar health care provider as per section 768.45, Florida Statutes (1981). The statute distinguishes between those health care providers who are board certified and those who are not, and defines a "similar health care provider" for each as follows:
(2)(a) If the health care provider whose negligence is claimed to have created the cause of action is not certified by the appropriate American board as being a specialist, is not trained and experienced in a medical specialty, or does not hold himself out as a specialist, a "similar health care provider" is one who:
1. Is licensed by the appropriate regulatory agency of this state;
2. Is trained and experienced in the same discipline or school of practice; and
3. Practices in the same or similar medical community.
(b) If the health care provider whose negligence is claimed to have created the cause of action is certified by the appropriate American board as a specialist, is trained and experienced in a medical specialty, or holds himself out as a specialist, a "similar health care provider" is one who:
1. Is trained and experienced in the same specialty; and
2. Is certified by the appropriate American board in the same specialty.
Since the language of sub-section (2)(a) speaks of the health care provider "whose negligence is claimed to have created the cause of action," the fact that a witness is a specialist and the defendant is not should not invalidate his testimony. In this case, Dr. Van Ore clearly qualifies as to each of the three conditions set forth in sub-section (2)(a), since he is clearly licensed, trained and experienced in the same discipline, and practices in the same or similar medical community. The trial court erred by not allowing Dr. Van Ore to testify since he does fall within the definition of "similar health care provider" under the statute.
In reading the statute, one can see that even if a person is not a "similar health care provider" under sub-sections (a) and (b), they may still qualify to testify under sub-section (c). That section reads as follows:
The purpose of this sub-section is to establish a relative standard of care for various categories and classifications of health care providers. Any health care provider may testify as an expert in any action if he:
1. Is a "similar health care provider" pursuant to paragraph (a) or (b); or,
2. Is not a similar health care provider pursuant to paragraph (a) or (b) but, to the satisfaction of the court, possesses sufficient training, experience, and knowledge to provide such expert testimony as to the acceptable standard of care in a given cause.
For the court to determine if a witness is qualified, it must be shown that they possess sufficient training, etc., to provide expert testimony as to the acceptable standard of care to which the defendant health care provider is made subject under the statute. It is improper for the court to refuse to allow testimony merely because a proposed witness is not a "similar health care provider"; rather, the court must make the determination that the proffered witness does not possess the training, experience, or knowledge to testify on the standard of care for the alleged acts in question. Chenoweth v. Kemp, 396 So.2d 1122 (Fla. 1981); Morganstine v. Rosomoff, 407 So.2d 941 (Fla. 3d DCA 1981). It is not enough to rely solely on the fact that a proffered witness does not practice the same specialty, since even one in a different specialty may be competent to testify as to some matters, although not competent to testify as to others. 396 So.2d at 1125. Since the test is sufficient training, it is really a question of minimum standards as to whether a witness may testify or not. This reading is supported by pre-statutory case law where doctors whose competency in *913 certain areas was shown to meet the level of sufficiency were allowed to testify.[1]
Here it is abundantly clear that the trial court made no determination as to whether Dr. Van Ore possessed the sufficient minimum training and experience to allow him to testify, despite the court seeing him as not being a "similar health care provider." The court, in fact, admitted that the doctor was overqualified, clearly showing that it failed to apply the proper test as to whether the expert should be allowed to testify or not. Thus, the trial court committed reversible error in not allowing the testimony, as the proffered witness was indeed a "similar health care provider" under the statute, and even if it could be said that he was not, he still possessed the minimum standards required to allow him to testify. In view of this holding, we need not reach the constitutional questions presented.
The summary judgment is reversed and the cause remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED.
DAUKSCH and SHARP, JJ., concur.
NOTES
[1] See Hawkins v. Schofman, 204 So.2d 336 (Fla. 3d DCA 1967), cert. denied, 211 So.2d 215 (Fla. 1968) (even though doctor had no personal experience in performing questioned operation, court saw him as competent in view of medical training and professional knowledge); Ashburn v. Fox, 233 So.2d 840 (Fla. 3d DCA), cert. granted, 238 So.2d 428 (Fla. 1970), cert. dismissed, 242 So.2d 873 (Fla. 1971) (testimony of m.d.'s allowed despite the fact that defendant was osteopath, since the point in question concerned area of knowledge common to both fields).