426 So.2d 64 (1983)
Julie Jolin CURRY, As Personal Representative of the Estate of Henry A. Jolin, Appellant,
v.
CAPE CANAVERAL HOSPITAL and William F. Addington, M.D., Appellees.
No. 82-457.
District Court of Appeal of Florida, Fifth District.
February 2, 1983.
James O. Driscoll, of Driscoll, Langston & Kane, P.A., Orlando, for appellant.
Robert K. Rouse, Jr., of Smith, Schoder & Rouse, P.A., Daytona Beach, for appellee, William F. Addington, M.D.
*65 G. Bruce Hill, of Adams, Hill & Fulford, Orlando, for appellee, Cape Canaveral Hosp.
SHARP, Judge.
Curry appeals from the trial court's final summary judgments denying her claims against appellees Cape Canaveral Hospital and Dr. William Addington, an emergency room physician. On behalf of her brother's estate, she sought both punitive and compensatory damages for Dr. Addington's failure to diagnose and treat her brother's ruptured esophagus, which resulted in his death.
We affirm the summary judgments as to their denial of punitive damages because the record contains no basis to conclude Dr. Addington or the hospital acted with malice, gross negligence or fraud. See Mercury Motors Express, Inc. v. Smith, 393 So.2d 545 (Fla. 1981); Otey v. Florida Power and Light Company, 400 So.2d 1289 (Fla. 5th DCA 1981).
However, we reverse the summary judgments as to their dismissal of Curry's claims for compensatory damages. The affidavit of Dr. Rein, offered by Curry in opposition to summary judgment, creates a question of fact regarding negligence and malpractice on the part of Dr. Addington and the hospital. Addington was allegedly either an agent or employee of the hospital. Further, the record did not conclusively show that the hospital had not independently breached its duty of care to the decedent.
The appellees argue that Dr. Rein's affidavit should not have been considered because it did not establish he was a health care provider similar to Dr. Addington.[1] However, the key question here is whether or not Dr. Rein is qualified to offer an opinion regarding the standard of care for health care providers similar to Dr. Addington. Mitchell v. Angulo, 416 So.2d 910 (Fla. 5th DCA 1982). Appellees failed to establish this fact, one way or the other. Because the movants for summary judgment must show they are entitled to prevail on all points as a matter of fact and law, these summary judgments cannot stand. Holl v. Talcott, 191 So.2d 40 (Fla. 1966).
AFFIRMED IN PART; REVERSED IN PART.
DAUKSCH, J., and BROWNLEE, JACKSON O., Associate Judge, concur.
NOTES
[1] § 768.45, Fla. Stat. (1981).