PER CURIAM.
In this medical malpractice action, we reverse the summary judgment rendered against plaintiff Helen Bennett.
Summary judgments are not favored in medical malpractice suits. McCoy v. Hoffmeister, 435 So.2d 989 (Fla. 5th DCA 1983). A party moving for summary judgment has the burden of proving the absence of factual issues. He must prove this conclusively and, through such proof, overcome all reasonable inferences which may be drawn in favor of the opposing party. Holl v. Talcott, 191 So.2d 40 (Fla.1966); Werber v. Imperial Golf Club, Inc., 413 So.2d 41 (Fla. 2d DCA 1982). The opposing party’s right to trial should not be foreclosed if it has not been shown that he cannot offer proof to support his position. Holl v. Talcott; McCoy v. Hoffmeister.
Here, the affidavit of Dr. Nagas-wami, filed by appellant in opposition to the motion for summary judgment, creates an issue of material fact with respect to the negligence of Dr. Riggs. Although the affidavit offers no medical explanation as to how the drug Butazolidin Alka caused or contributed to appellant’s vision loss, appel-lee, as the moving party, has not demonstrated that appellant cannot prove her claim of negligence. Nor has appellee conclusively established that Dr. Nagaswami is not competent to testify under section 768.45, Florida Statutes (1983). See Curry v. Cape Canaveral Hospital, 426 So.2d 64 (Fla. 5th DCA 1983); McCoy v. Hoffmeister.
REVERSED and REMANDED.
HOBSON, A.C.J., and BOARDMAN and SCHOONOVER, JJ., concur.