642 So.2d 632 (1994)
Jean CHARLONNE, Appellant,
v.
Vlad ROSENTHAL, M.D., and Vlad Rosenthal, M.D., P.A., Appellees.
No. 92-1027.
District Court of Appeal of Florida, Third District.
September 14, 1994.
*633 G.P. Weidinger, Ft. Lauderdale, for appellant.
Wolpe, Leibowitz, Berger & Brotman and Bradley H. Trushin, Miami, for appellees.
Before SCHWARTZ, C.J., and JORGENSON and COPE, JJ.
COPE, Judge.
Jean Charlonne appeals an adverse summary judgment in her medical malpractice suit against Vlad Rosenthal, M.D. and Vlad Rosenthal, M.D., P.A. (collectively, "defendant"). Because the movant has failed to meet the required burden to show entitlement to summary judgment, we reverse.
Plaintiff, Jean Charlonne, brought this medical malpractice action to recover damages for the alleged negligent acts of Dr. Vlad Rosenthal while performing a termination of pregnancy. Defendant filed a motion for summary judgment and in support thereof presented an original and supplemental affidavit of Dr. Nathan Hirsch, a physician specializing in the areas of gynecology and obstetrics. Plaintiff submitted the opposing affidavit of Dr. Abdullah Fatteh, a family practice physician who is board certified in pathology. The trial court entered summary judgment for the defendants on the theory that Dr. Fatteh's affidavit was incompetent. This appeal follows.
The summary judgment record in this case is very abbreviated. There are two affidavits filed by the defendant's expert. These are opposed by an affidavit of the plaintiff's expert. Neither side took the deposition of the other side's expert. If the defendant's deposition was taken, it has not been filed of record.
"An expert is defined in section 90.702[, Florida Statutes,] as a person who is qualified as an expert in a subject matter `by knowledge, skill, experience, training, or education.'" Charles W. Ehrhardt, Florida Evidence § 702.1, at 501 (1994). For medical negligence cases the legislature has enacted specific criteria for expert witnesses. § 766.102(2), Fla. Stat. (1993).[1] The statute allows expert testimony by a "similar health care provider." Id. The qualifications for a "similar health care provider" vary, depending on whether the defendant in a medical negligence action is a specialist or not. Id. Alternatively, the statute allows expert testimony by someone who:
[i]s not a similar health care provider ... but, to the satisfaction of the court, possesses sufficient training, experience, and knowledge as a result of *634 practice or teaching in the specialty of the defendant or practice or teaching in a related field of medicine, so as to be able to provide such expert testimony as to the prevailing professional standard of care in a given field of medicine.
Id. § 766.102(2)(c)(2). If the expert is from the latter category, then the expert's "training, experience, or knowledge must be as a result of the active involvement in the practice or teaching of medicine within the 5-year period before the incident giving rise to the claim." Id. For purposes of summary judgment, "[s]upporting and opposing affidavits ... shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fla.R.Civ.P. 1.510(e).
In order to prevail on a motion for summary judgment, the moving party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fla.R.Civ.P. 1.510(c). The record must be read in the light most favorable to the non-moving party.
Defendant first contends that he is a specialist as described in section 766.102. Under the statute, a specialist is one who "is certified by the appropriate American Board as a specialist, is trained and experienced in a medical specialty, or holds himself out as a specialist... ." § 766.102(2)(b), Fla. Stat. (1993). Where the defendant in a medical negligence action shows that he or she is a specialist, an expert must be a "`similar health care provider' ... who: (1) [i]s trained and experienced in the same specialty; and (2) [i]s certified by the appropriate American board in the same specialty." Id. Alternatively, the affidavit would have to satisfy the standard set forth in paragraph 766.102(2)(c), Florida Statutes, for an expert otherwise qualified by training, experience, and knowledge.
In the present case the summary judgment record is scanty and does not set forth evidentiary matter establishing that the defendant is, in fact, a specialist as defined by the statute. In order for the defendant in a medical negligence action to invoke the protection of paragraph 766.102(2)(b), it is necessary for the defendant to make a record showing that he fits within the statutory definition. That showing was not made here.
Defendant argues alternatively that he is entitled to summary judgment even if he did not demonstrate that he is a specialist within the meaning of paragraph 766.102(2)(b). He argues that the plaintiff's expert affidavit does not meet the standard for a nonspecialist "similar health care provider" as prescribed by paragraph 766.102(2)(a), and does not meet the alternative standard set forth in paragraph 766.102(2)(c) for an expert otherwise qualified by training, experience, and knowledge.
On this point we follow McCoy v. Hoffmeister, 435 So.2d 989 (Fla. 5th DCA 1983). There, the court said:
In opposition to the motions for summary judgment, the appellants filed the affidavit of their expert witness, Dr. James Lake... . The basis for the summary judgment was the failure of affiant Lake to allege he was a member of the same specialty as the appellees, or that he possessed sufficient training, experience or knowledge to enable him to testify about the acceptable standards of care in their medical specialties. § 768.45(2)(c), Fla. Stat. (1981). The affidavit alleged only that Lake was licensed to practice medicine in Florida. At the hearing on the motions for summary judgment, the court granted an ore tenus motion to strike the affidavit and denied appellants' ore tenus motion to amend the affidavit to include Lake's qualifications to testify to matters contained in the affidavit.
... The non-movant's right to trial should not be foreclosed if it has not been conclusively shown that he cannot offer proof to support his position. Holl v. Talcott, 191 So.2d 40 (Fla. 1966). Here there was no proof that Lake was not qualified to give expert testimony. See Chenoweth v. Kemp, 396 So.2d 1122 (Fla. 1981). Further, summary judgment should not be granted because of technical deficiencies in the non-movant's affidavit. Holl. The technical deficiencies in the expert's affidavit in Holl were: failing to state what was *635 wrong with the patient; offering no medical explanation for the charge of negligence; and failing to connect the alleged negligence to the patient's injury. The deficiency in this case, even if essential, is correctable, and appellants should have been permitted to make the correction.
Id. at 990; see also Curry v. Cape Canaveral Hosp., 426 So.2d 64, 65 (Fla. 5th DCA 1983); Fetell v. Drexler, 422 So.2d 89, 90 (Fla. 3d DCA 1982).
We reverse the summary judgment and remand for further proceedings consistent herewith.[2]
NOTES
[1] Section 766.102(2) provides:

(a) If the health care provider whose negligence is claimed to have created the cause of action is not certified by the appropriate American board as being a specialist, is not trained and experienced in a medical specialty, or does not hold himself out as a specialist, a "similar health care provider" is one who:
1. Is licensed by the appropriate regulatory agency of this state;
2. Is trained and experienced in the same discipline or school of practice; and
3. Practices in the same or similar medical community.
(b) If the health care provider whose negligence is claimed to have created the cause of action is certified by the appropriate American board as a specialist, is trained and experienced in a medical specialty, or holds himself out as a specialist, a "similar health care provider" is one who:
1. Is trained and experienced in the same specialty; and
2. Is certified by the appropriate American board in the same specialty.
However, if any health care provider described in this paragraph is providing treatment or diagnosis for a condition which is not within his specialty, a specialist trained in the treatment or diagnosis for that condition shall be considered a "similar health care provider."
(c) The purpose of this subsection is to establish a relative standard of care for various categories and classifications of health care providers. Any health care provider may testify as an expert in any action if he:
1. Is a similar health care provider pursuant to paragraph (a) or paragraph (b); or
2. Is not a similar health care provider pursuant to paragraph (a) or paragraph (b) but, to the satisfaction of the court, possesses sufficient training, experience, and knowledge as a result of practice or teaching in the specialty of the defendant or practice or teaching in a related field of medicine, so as to be able to provide such expert testimony as to the prevailing professional standard of care in a given field of medicine. Such training, experience, or knowledge must be as a result of the active involvement in the practice or teaching of medicine within the 5-year period before the incident giving rise to the claim.
Section 766.102 was formerly section 768.45, Florida Statutes (1987).
[2] Although not raised by the plaintiff, we note that the defendant's affidavit appears to be a "net opinion" affidavit condemned by Holl v. Talcott, 191 So.2d at 45; see also North Broward Hosp. District v. Royster, 544 So.2d 1131 (Fla. 4th DCA 1989); Gruber v. Mt. Sinai Hosp., 487 So.2d 76, 77 (Fla. 3d DCA 1986); Williams v. McNeil, 442 So.2d 269, 271 (Fla. 1st DCA 1983); Brooks v. Serrano, 209 So.2d 279, 280-81 (Fla. 4th DCA 1968). We otherwise express no opinion on the sufficiency of the defendant's or plaintiff's expert affidavits.