DAVIS, Judge.
Dallas and Ida Hammond appeal the trial court’s orders granting summary judgment and attorney’s fees in favor of Robert R. Joyce and Lillian J. Reyes. We reverse and remand this case for further action because the trial court erred in striking the Hammonds’ affidavits in opposition to Joyce and Reyes’ motion for summary judgment.
On April 7, 1993, the Hammonds suffered injuries in a two-car accident. After recovering the policy limits from the other driver’s insurance carrier, the Hammonds retained Joyce and Reyes to represent them in a products liability action against the Ford Motor Company. The Ham-monds theorized that their car’s safety restraint systems failed to work properly, thus contributing to the Hammonds’ injuries.
Joyce and Reyes sent letters to the Ford Motor Company demanding compensation for the Hammonds’ injuries. Meanwhile, before the. Hammonds could even file suit against the Ford Motor Company, the Hammonds’ automobile was inadvertently destroyed for salvage purposes. The Hammonds then filed suit against Joyce and Reyes, alleging that they were negligent by failing to secure the car for further inspection and use in the prospective litigation against the Ford Motor Company.
A few days before the case was scheduled to go to trial, the trial court heard Joyce and Reyes’ motion for summary judgment. Joyce and Reyes filed affidavits in support of their motion, and the Hammonds filed affidavits in opposition. After hearing arguments and reviewing the record, the trial court struck the Ham-monds’ affidavits, and then granted Joyce and Reyes’ motion for summary judgment.
We hold that the trial court erred in striking the Hammonds’ affidavits without granting their request for time to amend the affidavits. When faced with a motion for summary judgment, the non-movant’s right to trial should not be foreclosed if the movant has not conclusively shown that the nonmovant cannot offer proof to support his or her position. See Charlonne v. Rosenthal, 642 So.2d 632, 634 (Fla. 3d DCA 1994). The trial court should not enter a summary judgment due to technical deficiencies in the nonmovant’s affidavits. See id. at 634. The deficiencies the trial court found in the Hammonds’ affidavits were correctable, and the trial court should have granted the Hammonds’ request to correct them. See id. at 635.
*164 In reversing the summary judgment, we must also reverse the order granting attorney’s fees to Joyce and Reyes based on their offer of judgment.
Reversed and remanded for further proceedings.
BLUE, Á.C.J., and FULMER, JJ., Concur.