216 So.2d 448 (1968)
Valerie V. STEPHENS, Petitioner,
v.
Hugo DICHTENMUELLER, Individually and D/B/a Fort Lauderdale Grocery Co., and Major C. Washington, Respondents.
No. 37396.
Supreme Court of Florida.
December 10, 1968.
*449 Larry Klein, of Cone, Wagner, Nugent, Johnson, McKeown & Dell, West Palm Beach, for petitioner.
Burl F. George, of Carey, Dwyer, Austin, Cole & Selwood, Fort Lauderdale, for respondents.
PER CURIAM.
We have for review on writ of certiorari the decision of the District Court of Appeal, Fourth District, in Stephens v. Dichtenmueller, 207 So.2d 718.
We will not restate the factual situation in the case nor the issues therein since they are fully delineated in the District Court opinion.
It is our opinion that the trial court, with the District Court affirming, failed to apply the rationale of Holl v. Talcott (Fla.), 191 So.2d 40, in refusing to permit amendment or supplementation of the affidavit submitted by plaintiff (Petitioner) in opposition to defendant's motion for summary judgment.
The District Court expresses the view that
"* * * it is our opinion that the trial court could have rejected the conclusion embodied in the affidavit that the defendant's truck at the time of the accident was in fact `cutting in on' the motorcycle for either of two reasons. First, the trial court may have concluded that the affidavit did not affirmatively show that the affiant was competent to express the opinion contained in the affidavit as required by 1954 F.R.C.P. 1.36(e), (now F.R.C.P. 1.510(e), 31 F.S.A.). Determining the competency of a witness offered as an expert is peculiarly a matter within the realm of the trial judge whose determination of the qualifications of the witness and the range of subjects regarding which he can offer opinion testimony will not be reversed in absence of an abuse of discretion. Krohne v. Orlando Farming Corp., Fla.App. 1958, 102 So.2d 399; Seminole Shell Co. v. Clearwater Flying Co., Fla.App. 1963, 156 So.2d 543, 545. Secondly, the trial court may have considered that the opinion expressed was so vague and indefinite that it did not fairly and reasonably tend to demonstrate that an issue of fact existed as to negligence or contributory negligence.

*450 "[9] Finally, the appellant asserts in her brief that at the hearing on the motion for summary judgment she made an oral motion to amend the affidavit or to supplement it by a deposition of the affiant and this motion was denied. * * *" (Text 723.)
In Holl v. Tolcott, supra, we said:
"While the trial court did not, in its order granting summary judgment in this cause, indicate what deficiencies existed in Dr. Graubard's affidavit, if we take those listed by the district court as being the ones relied on by the trial court, it appears that the defects were largely technical and subject to correction. A liberal treatment of the petitioners' motion should have led to an order giving them the opportunity to supply the deficiencies. After all, had the same objection been raised by Dr. Graubard's testimony at the trial, the plaintiffs could have rephrased the questions or otherwise remedied the alleged insufficiency. We think they should have the same opportunity in the summary judgment procedure." (Text 47.)
Similarly, we note that the District Court in this case, without knowing for certain, speculated that the trial court rejected the affidavit filed on Petitioner's behalf for two assumed deficiencies. And, similarly, it appears that had the Petitioner's oral motion been granted her expert might have been able to correct the deficiencies in his affidavit and Petitioner would not have had her cause dismissed without trial. The deficiencies in the affidavit, pointed out by the District Court, of failure to show affirmatively that affiant was competent to express the opinion contained therein and the vagueness of the affidavit, were largely technical and may have been amenable to correction similarly as was the affidavit in Holl v. Talcott.
It appears to us the Petitioner under these circumstances, measured by the rationale of Holl v. Talcott, supra, should have been afforded, pursuant to her oral motion, at least one opportunity to amend or supplement the affidavit. Liberal treatment is the rule  and should not be the exception  under these circumstances, particularly where the petitioner is not given the benefit of the reasons for the rejection of the affidavit in the trial court's order and an appeal thereon could not be predicated with certainty nor any opportunity to correct deficiencies in the affidavit.
The very nature of the factual situation; viz., absence of eyewitnesses to the accident and the death of Petitioner's husband the rider of the motorcycle, in the accident, gave rise to conditions where competent expert testimony based on the circumstances might have been relevant evidence at trial. Great caution should be exercised in any summary judgment proceedings not to deny a litigant ample opportunity to demonstrate that he is entitled to the benefit of a trial.
The judgment of the District Court is quashed and the cause remanded for further proceedings not inconsistent herewith.
ROBERTS, THORNAL, ERVIN and HOPPING, JJ., concur.
DREW, J., concurs specially with Opinion.
CALDWELL, C.J., and THOMAS, J., dissent.
DREW, Justice (concurring specially):
I agree that the decision of the District Court in this case conflicts with Holl v. Talcott cited in the per curiam opinion and that the decision of the District Court should be quashed and the cause sent back for further proceedings. Having determined that we have jurisdiction, however, I think there is a far more basic reason for reversing this case. This reasoning is *451 summarized in the following excerpt from my dissent nearly fourteen years ago in Rivaux v. Florida Power & Light Company, Fla. 1955, 78 So.2d 714:
"The jury system is a sacred part of the American concept of the administration of justice. The right to a jury trial is guaranteed by the Constitution and that right should not be taken from a litigant lightly and never taken from him when there is a genuine issue of a material fact present in a law suit. This Court, and other courts of the land, have upheld the entry of summary judgments in those cases where there is no genuine issue of any material fact and one or the other of the parties is entitled to a judgment as a matter of law. Where that situation appears clearly from the record, it is not a denial of any constitutional right to take the case from the jury because under such facts the Constitution does not guarantee a jury trial.
The rules providing for summary judgments and summary final decrees have served a most salutary purpose in the administration of justice. Such rules will continue to do so so long as the courts exercise restraint in applying them. Summary judgments should never be granted on the mere wieght of the evidence or the number of affidavits on one side as against the number on the other nor should they ever be granted merely because of the view of the trial judge that `the record shows an absence of legal liability.' I am convinced from the record in this case that it was the quoted consideration above which prompted the eminent Circuit Judge below to grant the motion for summary judgment. In doing so, he usurped the province of the jury. He tried the case by affidavits. It may well be that when all of the evidence is in or the plaintiff has had an opportunity to present her case that a directed verdict will be justified but there are times for directed verdicts and other times for the entry of summary judgments.
* * * * * *
In the recent case of National Airlines, Inc. v. Florida Equipment Co. of Miami, Fla. 1954, 71 So.2d 741, 744, we had occasion to review the function of the rule authorizing summary judgments and to discuss the circumstances under which summary judgments should be granted. In that case this Court, speaking through Mr. Associate Justice Taylor, said:
`The function of the rule authorizing summary judgments is to avoid the expense and delay of trials when all facts are admitted or when a party is unable to support by any competent evidence a contention of fact.
`But the facts admitted, in order to justify a summary judgment, must be the ultimate facts as distinguished from evidentiary facts. It not infrequently happens that there is actually no conflict in evidence as to what was done or said, but the inferences of ultimate fact to be drawn from these evidentiary facts may be quite different. It is peculiarly within the province of the jury to draw these inferences and determine the ultimate facts. The constitutional guaranty of the right of trial by jury is respected only when this rule is strictly applied.
`Of course, a litigant by merely asserting a fact, without any evidence to support it, cannot avoid a summary disposition of his case. Before this phrase of the rule comes into play, the record must show that all evidence which may support that litgant's contentions must be before the Court.'"
For the reasons expressed in my dissent aforesaid, as well as those stated in the per curiam opinion, I concur in the opinion and judgment.
ROBERTS, ERVIN and HOPPING, JJ., concur.