265 So.2d 5 (1972)
Grace ANDERSON, As the Widow of Keller Anderson, et al., Petitioners,
v.
AAMCO TRANSMISSIONS OF BREVARD, INC., a Florida Corporation, Respondent.
No. 42080.
Supreme Court of Florida.
July 12, 1972.
*6 Karl O. Koepke, and William F. Poole, IV, of Whitaker, Koepke & Associates, Orlando, for petitioners.
Maguire, Voorhis & Wells, Orlando, for respondent.
ERVIN, Justice.
This is a conflict certiorari review of the decision of the District Court of Appeal, Fourth District, in Anderson v. Crayton, Fla.App. 1972, 257 So.2d 307, upholding a summary judgment of the trial court finding no liability upon a garage operator (bailee) whose employee allegedly without permission operated an automobile left with the garage operator for repairs and negligently killed another.
The cause arose out of an accident between an automobile driven by one Jessie James Crayton and a vehicle in which Petitioners' decedent, Keller Anderson, was a passenger. Crayton was an employee of Respondent Aamco Transmissions of Brevard, Inc.; the automobile he was driving was owned by a Martha Jones and had been left with Aamco for car repair work.
Petitioners filed suit against Crayton, Martha Jones, and Respondent. According to Petitioners' amended complaint, Aamco Transmissions (the bailee of the vehicle) gave Crayton permission to use the vehicle. In its answer, Aamco denied the allegation. In addition, the company denied that Crayton "was acting as an employee, agent or servant of [Aamco] ... at the time of the accident or at any time material to the allegations contained herein." Affidavits were submitted by Aamco's officers in which they swore Crayton had not been given permission to use the vehicle.
Aamco moved for summary judgment. The motion was granted. Petitioners then filed a motion for rehearing and submitted to the trial court affidavits from several of Crayton's friends. According to one of the affidavits, Crayton told the affiant Aamco let him borrow cars on weekends. The affiant further said that prior to the date of the accident she had seen Crayton driving automobiles taken from his employer's place of business. A second affiant said in his affidavit:
"That Jessie James Crayton had in his possession for many months before . . [the date of the accident] keys to the AAMCO facility, including the office and yards where their customers cars were kept.
"That on at least one occasion, I, JAMES MOORE, did go with JESSIE JAMES *7 CRAYTON when he took a car, I believe to be a 1958 Plymouth, for his personal use over a weekend. I also know of other occasions but I was not personally present at those times.
"I, JAMES MOORE, personally know that on one occasion the car taken for personal use by JESSIE JAMES CRAYTON broke down and could not be returned to AAMCO until Monday and that AAMCO knew of the personal use of personal cars by JESSIE JAMES CRAYTON." (Emphasis supplied.)
The trial court denied Petitioners' motion for rehearing, refusing to reopen the case on the showing made by the Petitioners' affidavits, and the District Court of Appeal, Fourth District, affirmed. We accepted conflict certiorari jurisdiction to hear the case because the record proper in this cause showed the District Court's affirmance of the summary judgment in favor of Respondent was in apparent conflict with the decisions of this Court in Holl v. Talcott, Fla. 1966, 191 So.2d 40; Stephens v. Dichtenmueller, Fla. 1968, 216 So.2d 448, and Thomas v. Atlantic Associates, Inc., Fla. 1969, 226 So.2d 100.
The issue before this Court is whether the trial court, with the District Court's affirmance, should have entered the summary judgment in favor of Respondent, the bailee of an automobile, when Petitioners submitted to the trial court, on petition for rehearing, affidavits stating that Respondent had given its tortfeasor employee either express or implied permission to drive the vehicle, making Respondent potentially liable for its employee's torts.
We conclude the summary judgment was improperly granted. Summary judgments are proper only where there is no genuine issue of material fact. Holl v. Talcott, supra. When a motion for summary judgment is granted and the party against whom it was filed petitions for rehearing, the trial court's normal discretion in such matters
"is narrowed and every disposition should be indulged in favor of granting the motion. Only after it has been conclusively shown that the party moved against cannot offer proof to support his position on the genuine and material issues in the cause should his right to trial be foreclosed." Holl v. Talcott, supra, 191 So.2d at 47. (See also, Stephens v. Dichtenmueller, supra, 216 So.2d 448.)
When Petitioners presented their affidavits to the trial court, it was no longer obvious that Crayton had stolen or converted the Jones vehicle from Aamco's lot. A question of fact material to the issue of whether Aamco should remain a party defendant was raised by the averments that Aamco permitted the use of its vehicles by Crayton. In addition, the affidavits showed that Petitioners would be able to present evidence supporting their position at trial. The question of whether or not Aamco gave Crayton implied or express permission to drive the car was clearly one for a jury.
If the jury finds that Aamco did not give Crayton express permission to drive the vehicle, it still must determine whether Aamco was negligent in leaving the keys to the automobiles left in its possession where Crayton could obtain them; whether Aamco was negligent in failing to ascertain whether Crayton was driving its cars, and whether such negligence, if found, was the proximate cause of the accident. See Thomas v. Atlantic Associates, Inc., supra.
Because questions of material fact were raised by the affidavits submitted by Petitioners in this cause, the decision of the District Court is quashed and the cause remanded for further proceedings consistent herewith.
ROBERTS, C.J., and CARLTON, ADKINS and BOYD, JJ., concur.