HOBSON, Acting Chief Judge.
Appellants James P. Gufford and Regina S. Gufford, his wife, appeal an adverse final summary judgment entered in favor of Morrison Trucking Company and its insurer. We affirm the summary judgment.
James Gufford was injured in a motor vehicle collision when his vehicle was struck by a truck driven by James Olver and owned by Bryan’s Trucking Corporation, Inc. In a separate action, appellants sued James Olver, Bryan’s Trucking Corporation, Inc., Merle D. Bryan and Auto-Owners Insurance Company. As a result of a pretrial settlement in that case, appellants executed a complete release as to Bryan’s Trucking Corporation, Inc., Merle D. Bryan and Auto-Owners. Appellants further executed a covenant not to sue in favor of James Ol-ver. The instant action was brought against Morrison Trucking Company and its insurer on the theory that Bryan’s Trucking and Morrison Trucking were engaged in a joint venture at the time of the accident, thus rendering Morrison liable to appellants. The complaint alleged that the joint venture was for the purpose of hauling aggregate by truck to a power plant and that the two companies operated under a Public Service Commission permit issued to Morrison.
Appellants filed Merle Bryan’s deposition, taken in the prior suit, in lieu of an affidavit in opposition to appellees’ motion for summary judgment. Merle Bryan stated in that deposition that his company owned the subject truck which carried a Public Service Commission sticker reflecting the name of Morrison Trucking Company and its permit number. Mr. Bryan stated that his company paid Morrison $10 or $15 per week for the use of the permit number on Bryan’s trucks.[1] At one time the two companies had executed an equipment lease agreement covering several trucks; however, the six-months agreement expired two months before the accident involving Mr. Gufford, and there is no indication that it was renewed for another period.
On the date of the accident, Bryan’s Trucking Corporation had been under contract with B & C Rock Company for approximately three months to haul rock to a Florida Power Company building site. The procedure was as follows: Florida Power ordered rock directly from B & C Rock Company, which in turn contracted with Bryan Trucking to do the actual hauling. B & C paid Bryan’s a set amount per ton hauled. Bryan’s paid the driver, James Ol-ver, 20% of the price of each truckload that he hauled.
Periodic log slips were prepared by Bryan’s and sent to Morrison as a condition to the use of Morrison’s PSC permit number.
We are unable to find any connection between Bryan and Morrison other than the use of the permit sticker for consideration and the periodic log slips showing the use of the truck. There is no joint authority over the use of the truck or the actions of the driver. Moreover, no agreement to share profits or losses is shown between the companies. The $10 to $15 fee did not appear to be contingent on the amount of hauling done but was a set fee for the use of the sticker.
From the above facts, we find no question of material fact as to whether Bryan’s and Morrison had an express or implied agreement or intention to engage in any specific venture. The trial judge correctly found that there was no joint venture between the companies and entered the final summary judgment in favor of appellees.
The judgment appealed is hereby affirmed.
SCHEB and RYDER, JJ., concur.

. Mr. Bryan stated that this is a common practice in his business and not illegal.