435 So.2d 989 (1983)
James Weldon McCOY and Patricia Ann McCoy, His Wife, Appellants,
v.
William E. HOFFMEISTER, M.D. and Michael F. Brown, M.D., Appellees.
No. 82-880.
District Court of Appeal of Florida, Fifth District.
August 11, 1983.
Maron E. Lovell, of Maron E. Lovell, P.A., Orlando, for appellants.
Martin B. Unger, of Swann & Haddock, P.A., Orlando, for appellee Hoffmeister.
Joseph M. Taraska, of Taraska & Hill, P.A., Orlando, for appellee Brown.
SHARP, Judge.
James and Patricia McCoy appeal from a final summary judgment entered on their *990 medical malpractice claim in favor of appellees William E. Hoffmeister, M.D., and Michael F. Brown, M.D. Appellees and Dr. Robert Shear, a co-defendant, were members of the same professional association. Each doctor treated James McCoy at various times from May 1976 through March 1979. McCoy claims he suffered permanent injuries as a result of the appellees' negligence. The trial judge granted summary judgment as to Hoffmeister and Brown, but denied it as to Shear and the professional association. We reverse as to Hoffmeister and Brown.
In opposition to the motions for summary judgment, the appellants filed the affidavit of their expert witness, Dr. James Lake, which would have created an issue of fact concerning appellees' negligence and malpractice. The basis for the summary judgment was the failure of affiant Lake to allege he was a member of the same specialty as the appellees, or that he possessed sufficient training, experience or knowledge to enable him to testify about the acceptable standards of care in their medical specialties. § 768.45(2)(c), Fla. Stat. (1981). The affidavit alleged only that Lake was licensed to practice medicine in Florida. At the hearing on the motions for summary judgment, the court granted an ore tenus motion to strike the affidavit and denied appellants' ore tenus motion to amend the affidavit to include Lake's qualifications to testify to matters contained in the affidavit.
Summary judgments are not favored in malpractice suits. The non-movant's right to trial should not be foreclosed if it has not been conclusively shown that he cannot offer proof to support his position. Holl v. Talcott, 191 So.2d 40 (Fla. 1966). Here there was no proof that Lake was not qualified to give expert testimony. See Chenoweth v. Kemp, 396 So.2d 1122 (Fla. 1981). Further, summary judgment should not be granted because of technical deficiencies in the non-movant's affidavit. Holl. The technical deficiencies in the expert's affidavit in Holl were: failing to state what was wrong with the patient; offering no medical explanation for the charge of negligence; and failing to connect the alleged negligence to the patient's injury. The deficiency in this case, even if essential, is correctable, and appellants should have been permitted to make the correction.
Because the court erred in granting the motion for summary judgment, we reverse and remand for further proceedings in this cause.
REVERSED AND REMANDED.
DAUKSCH and FRANK D. UPCHURCH, Jr., JJ., concur.