SCHOONOVER, Judge.
Appellant, Anne G. Stinnett, as personal representative of the estate of Thomas E. Walker, appeals a final summary judgment entered in favor of the appellee, Longi, Inc. We reverse.
Thomas E. Walker was electrocuted while repairing a refrigeration unit at the Longboat Key Hilton on Longboat Key, Florida. The hotel was owned and operated by appellee.
As a result of Mr. Walker’s death, appellant instituted a negligence action against appellee and three other defendants.
Appellee’s motion for summary judgment was granted upon the ground that the evidence and pleadings on file failed to show a violation or omission of any duty owed by appellee to the decedent. After appellee’s motion was orally granted by the trial court, one of the other defendants scheduled the deposition of a witness in New Hampshire. Appellee, who was still a party to the suit because the final order had not yet been signed, was not given notice of this deposition. Based upon evidence obtained at the taking of the deposition, appellant filed a timely motion for rehearing of the summary judgment pursu *530 ant to Florida Rule of Civil Procedure 1.530. The deposition was filed in the action.
Appellant’s mojtion alleged that evidence discovered through the deposition would probably change the result of the summary judgment if a hearing were to be granted, that the evidence had been discovered subsequent to the original hearing, and that the evidence could not have been discovered earlier by the exercise of due diligence.
The trial court refused to consider appellant’s motion on the merits and denied the motion solely on the basis that appellee had not been served with notice of the deposition. This appeal timely followed.
The trial court did not err in refusing to consider the document as a deposition because Florida Rule of Civil Procedure 1.330(a) provides that upon the hearing of a motion, a deposition may only be used against a party if that party was given reasonable notice or was present or represented at the taking of the deposition. We hold, however, that rule 1.330(a) does not prevent depositions that fail to meet its requirements from being used at hearings or proceedings where evidence in affidavit form is admissible. See Tormo v. Yormark, 398 F.Supp. 1159 (D.N.J.1975); United States v. Fox, 211 F.Supp. 25 (E.D. La.1962).
In Hoover v. Switlik Parachute Co., 663 F.2d 964 (9th Cir.1981), in considering the use of depositions that had been taken pri- or to the time the party being moved against for summary judgment had been joined in the action, the court held that although the documents considered by the trial court were inadmissible as depositions because the party did not have an opportunity to cross-examine the deponents, consideration by the court of the documents as affidavits was not error. Similarly, Florida Rules of Civil Procedure 1.510 governing motions for summary judgment and 1.530 governing motions for new trial and rehearing allow the trial court to consider affidavits in conjunction with those motions.
If the testimony given at the deposition in the case sub judice complied with Florida Rule of Civil Procedure 1.510(e) in that it was made on the basis of personal knowledge, contained facts that would be admissible into evidence, and showed that the deponent was competent to testify to the matters contained in the deposition, the court should have considered the deposition as the equivalent of an affidavit. Having the contents of the deposition put into affidavit form and resworn to by the deponent would have served no useful purpose.
This court has previously approved the practice of filing a deposition in lieu of an affidavit in opposition to a motion for summary judgment. See, e.g., Gufford v. Morrison Trucking Co., 377 So.2d 253 (Fla. 2d DCA 1979) (appellant filed a witness’ deposition, taken in a prior suit to which appel-lees were not parties, in lieu of an affidavit in opposition to appellees’ motion for summary judgment).
We agree with appellee’s contention that in the absence of any compelling reason or exigent circumstances that might excuse the tardiness of an affidavit and/or deposition, a trial court does not abuse its discretion in refusing to consider late affidavits or depositions filed with a motion for rehearing. See Lennertz v. Dorsey, 421 So.2d 820 (Fla. 4th DCA 1982). In the case sub judice, however, the court did not deny the use of the deposition because of timeliness, but instead, denied its use for the sole reason that appellee did not receive notice of the deposition.
Rather than examining the contents of the document to determine whether a material fact precluding summary judgment exists and, pursuant to Anderson v. Aamco Transmissions of Brevard, Inc., 265 So.2d 5 (Fla.1972), reversing upon finding one, we choose to reverse and remand to the trial court for a full consideration of appellant’s motion pursuant to Kash N’ Karry Wholesale Supermarkets, Inc. v. Garcia, 221 So.2d 786 (Fla. 2d DCA 1969). The trial court should first determine whether the deposition meets the require- *531 merits of an affidavit pursuant to rule 1.510(e) and, if so, whether compelling reasons or exigent circumstances should excuse appellant’s delay in discovering the evidence contained in the affidavit. If these questions are both answered in the affirmative, the court should then consider the motion on the grounds set forth therein.
Reversed and remanded for proceedings consistent herewith.
RYDER, C.J., and BOARDMAN, J., concur.