PER CURIAM.
Appellee loaned money to appellants at a rate of interest which exceeded that permitted by the usury statute, Chapter 687, Florida Statutes (1983). Appellee contended that it made the loan pursuant to a commitment to purchase by the Federal National Mortgage Association (FNMA), therefore rendering the loan exempt from the usury statute by operation of Section 687.-03(2)(a)(3). The trial court entered summary final judgment in favor of appellee; we reverse.
First, the affidavit in support of summary judgment demonstrates no more than that the documents attached thereto appear in the files and records of appellee. This is not a sufficient showing to meet the requirements of the business record hearsay exception of section 90.803(6), Florida Statutes (1983). Therefore, the affidavit does not set forth “such facts as would be admissible in evidence_” Rule 1.510(e), Florida Rules of Civil Procedure.
Second, the affidavit and its attached documents fail to establish that ap-pellee made this loan pursuant to a commitment to purchase by FNMA. This failure arises from the lack of proof of any connection between FNMA and appellee, either directly, or through appellee’s parent corporation. It is not enough that the loan ultimately come into the possession of FNMA; the terms of Section 687.03(2)(a)(3) require the loan to be made pursuant to a commitment to purchase by FNMA. We expressly reject, however, appellants’ contention that a commitment to purchase 95% of the loan rather than the entire amount would preclude application of the usury exception.
REVERSED AND REMANDED.
GLICKSTEIN, DELL and BARKETT, JJ., concur.