SANDERLIN, Judge.
Appellant filed a document entitled, “Caveat by Heir or Devisee,” in the trial court which sought an interest in appellee the estate of Ralph E. Stiles. The sworn “caveat” claimed that appellant was the deceased’s pretermitted spouse. The personal representative of the estate and the deceased’s daughters, also appellees, filed a motion for summary judgment alleging that appellant was not the lawful surviving spouse of the deceased. Appellant filed a response and motion for summary judgment. A hearing on the motions was held, after which the trial court entered its order of summary judgment finding that the marriage between appellant and the deceased was void and as such, appellant was not the lawful surviving spouse of the deceased. Accordingly, the trial court further ordered that the daughters were the residual beneficiaries of the deceased’s estate and entitled to a distribution thereof. For the reasons stated below, we reverse.
The essential facts before the trial court on the motions for summary judgment are not in dispute. In 1957 and again in 1962, the County Court for Pinellas County adjudicated the deceased to be incompetent. Following the death of his first wife in 1970, the county court appointed a bank to be the guardian of the deceased’s property. In 1976 a Maine probate court adjudicated the deceased to be incompetent and appointed Stanley G. Whitney, a “lifetime friend,” as his guardian.
Appellant and the deceased were married in Maine on November 15, 1980. The license and certificate of marriage contained a form entitled “Consent of Parents or Guardian.” This form was not signed by *857 any guardian for the deceased. Whitney, however, witnessed the marriage, as evidenced by his signature on the marriage license. The deceased died in 1984.
The trial court concluded that under Maine and Florida law, the marriage between appellant and the deceased was invalid, and that the actions of Whitney “in attending the wedding and signing as witness” did not constitute consent or ratification of the marriage. We disagree.
Under Maine law, the marriage between appellant and the deceased incompetent would be void unless it was approved by the guardian. See Knight v. Radomski, 414 A.2d 1211 (Me.1980). While the guardian did not sign the consent form on the marriage license, his actions in attending and witnessing the marriage constitute consent to the marriage, contrary to the trial court’s conclusions. To hold otherwise, would put “form” over substance, and thwart the obvious intention of the guardian to allow his ward to marry. Additionally, we note that the guardian did not choose to file annulment proceedings on behalf of the ward, either before or after the ward’s death, which he was free to do if he did not approve the marriage.[1] See id. at 1216.
Accordingly, we hold that the guardian’s actions in this case, as a matter of law, constituted consent to the marriage between appellant and the deceased, and as such the marriage was valid. Appellant was, therefore, the surviving spouse of the deceased.
The order of summary judgment is hereby reversed and the cause remanded to the trial court with directions to enter summary judgment in favor of appellant and for any other necessary proceedings.
CAMPBELL, A.C.J., and SCHOON-OVER, J., concur.

. While not necessary to our holding, we cannot ignore the guardian’s amended affidavit, in which he stated:
I approved of the marriage at the time it was done. I attended the marriage and in some respects I helped to arrange it. I was one of the signers of marriage certificate and my signature indicated my approval of the marriage. I was aware from talking with counsel that I had a right to object to the marriage and perhaps even to prevent it, but I chose not to do so. I thought at the time that the marriage was good for Ralph and I thought that during the remainder of Ralph's life.
This amended affidavit was attached to appellant's motion for rehearing which the trial court denied. While appellees contend this affidavit did not comply with Florida Rule of Civil Procedure 1.510(e), we find that it did. See Stephens v. Dichtenmueller, 216 So.2d 448 (Fla.1968).