534 So.2d 787 (1988)
Bobby CROSBY and Lillian Crosby, His Wife, Appellants,
v.
PAXSON ELECTRIC COMPANY, a Florida Corporation, Appellee.
No. 87-1960.
District Court of Appeal of Florida, First District.
November 18, 1988.
Rehearing Denied January 6, 1989.
*788 Joseph S. Farley, Jr. of Mahon, Farley & McCaulie, P.A., Jacksonville, for appellants.
Adam G. Adams, III of Bledsoe & Schmidt, P.A., Jacksonville, for appellee.
ZEHMER, Judge.
We reverse the summary final judgment granted appellee Paxson Electric Company, the defendant in this action, for injuries allegedly caused by Paxon's defective installation of certain electric cabling and conduit, and remand for further proceedings. Paxson, as movant, had the burden of conclusively showing the absence of genuine issues of material fact placed in dispute by the pleadings. Myrick v. St. Catherine Laboure Manor, Inc., 529 So.2d 369 (Fla. 1st DCA 1988); Furlong v. First National Bank of Hialeah, 329 So.2d 406 (Fla. 3d DCA 1976). Paxson failed to carry this burden.
Russo's affidavit, upon which Paxson relies, merely stated that "according to the records of FECO, such installation was performed for Kaiser by its subcontractor, United Riggers." The records referred to are not attached to the affidavit, and the statement by the affiant does not amount to an unequivocal assertion based upon personal knowledge that it was United Riggers and not Paxson who actually installed the conduit and cables; thus, the affidavit is insufficient to carry appellee's burden. See Rule 1.510(e), Fla.R.Civ.P.; Crovella v. *789 Cochrane, 102 So.2d 307, 310 (Fla. 1st DCA 1958). See also Pawlik v. Barnett Bank of Columbia County, 528 So.2d 965, 966 (Fla. 1st DCA 1988) (The purpose of the personal knowledge requirement is to prevent the trial court from relying on hearsay when ruling on a motion for summary judgment).
Furthermore, an affidavit in support of summary judgment that does no more than indicate the documents that appear in the files and records of a business is not sufficient to meet the business records exception to the hearsay rule. Thomasson v. Money Store/Florida, Inc., 464 So.2d 1309 (Fla. 4th DCA 1985).
The testimony of appellant Crosby at his pretrial deposition that he had no personal knowledge of who made the installation merely proved Crosby's state of knowledge as of that date; it was not competent to prove that appellant, through his attorney, had no evidence and would be unable to prove that Paxson actually installed the cable and conduit as alleged.
REVERSED AND REMANDED.
ERVIN and WENTWORTH, JJ., concur.