564 So.2d 250 (1990)
Marjorie TOOKE, As Personal Representative of the Estate of Marianne Tooke, Deceased, Appellant,
v.
Larry Franklin DOWNING, Claudia Downing, Henry Eady, Verna Mae Eady, Individually, and H.A.L. Industries, Inc., a Florida Corporation, Appellees.
No. 89-1853.
District Court of Appeal of Florida, First District.
July 19, 1990.
*251 Richard Mellman, Gainesville, for appellant.
Jeanne M. Singer, Gainesville, for appellees.
ALLEN, Judge.
We reverse the summary final judgment granted appellees, defendants below, in this wrongful death action growing out of a motor vehicle collision. Appellees, as movants, had the burden of conclusively showing the absence of genuine issues of material fact placed in dispute by the pleadings. Crosby v. Paxson Elec. Co., 534 So.2d 787 (Fla. 1st DCA 1988). See also Zygmont v. Smith, 548 So.2d 902 (Fla. 1st DCA 1989). In moving for summary judgment, the appellees relied exclusively upon the pretrial deposition of appellant, wherein she testified that she had no personal knowledge as to the facts surrounding the motor vehicle collision. Her testimony merely proved her state of knowledge as of that date; it was not competent to prove that appellant, through her attorney, had no evidence regarding the alleged acts of negligence and would be unable to prove the negligence of appellees. Crosby, supra.
We also find that the trial court abused its discretion in denying appellant's motion to amend her complaint to allege negligent maintenance by appellee, H.A.L. Industries, Inc. While we understand the trial court's displeasure and frustration with the manner in which appellant's counsel conducted himself and drafted his pleadings, sanctions against the lawyer would have been the more appropriate course, rather than denying the motion to amend. In light of our reversal of the summary final judgment, we find no substantial prejudice to the appellees in allowing the appellant to so amend her complaint, so long as the amended complaint does not reallege previously dismissed allegations against Claudia Downing, Henry Eady, and Verna Mae Eady.
Accordingly, the summary final judgment is reversed, and this cause is remanded to the trial court for further proceedings in accordance with this opinion.
ZEHMER and MINER, JJ., concur.