MAY, J.
Charles Walden appeals a summary judgment against him and in favor of Chase Manhattan Bank. Among other issues, he argues that the trial court erred in not considering the affidavits submitted with the motion for rehearing. We agree and reverse.
Chase sued Walden for monies owed on credit card accounts. Walden filed an answer and affirmative defenses, one of which raised Chase’s alleged failure to properly perform an audit of Walden’s accounts once notified of discrepancies.
Chase moved for summary judgment. Walden filed his wife’s affidavit, attesting to her familiarity with the specific credit card accounts and that she sent several letters to Chase disputing the charges. She also attested to the specific contents of some of her letters to Chase. The letters, which should have been attached to the affidavit, were mistakenly attached to Walden’s response to the motion for summary judgment. At the hearing on the motion, the court refused to consider the wife’s affidavit as a whole because the letters were not attached to the affidavit. The court entered summary judgment for Chase.
Walden moved for rehearing and corrected the clerical error, this time attaching the letters to the affidavit. In addition, he submitted three supplemental affidavits addressing the audit defense. The trial court denied the motion for rehearing.
An order granting summary judgment is subject to de novo review. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126 (Fla.2000). Summary judgment should only be granted when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. • Id.
In this case, Walden raised an affirmative defense that Chase failed to perform an audit, pursuant to 15 U.S.C. § 1666(a)(3)(B)(ii). Chase filed an affidavit attesting that Walden never objected to the billing statements, and therefore never triggered the statutory audit. Walden countered with his wife’s general attestation that she wrote several letters to Chase, objecting to certain billings on . the statements. Regardless of whether the actual letters were attached to the wife’s affidavit or whether the attestations contained within the affidavit regarding the contents of her letters could be considered, the general attestation by itself created a genuine issue of material fact preventing the entry of summary judgment. See Humphrys v. Jarrell, 104 So.2d 404, 409 (Fla. 2d DCA 1958) (where an affidavit contains inadmissible matter, the court should not disregard the whole affidavit, only the portion containing inadmissible evidence).
A summary judgment is not final until a motion for rehearing is considered. Elser v. Law Offices of James M. Russ, P.A., 679 So.2d 309 (Fla. 5th DCA 1996). Not only did the wife’s affidavit raise a genuine issue, the subsequent correction of *434 the clerical error and the supplemental affidavits filed with the motion for rehearing further supported the existence of a genuine issue of material fact regarding the audit defense. As such, the trial court erred in granting the motion for summary judgment and denying Walden’s motion for rehearing.
We find no merit in the other issues raised. The summary judgment is reversed and the case remanded to the trial court for further proceedings consistent with this opinion.
POLEN, J. and DAMOORGIAN, DORIAN, Associate Judge, concur.