898 So.2d 246 (2005)
Frank Joseph VERDINO and Julia Verdino, as Personal Representatives of the Estate of Frank J. Verdino, II and Frank Joseph Verdino and Julia Verdino, individually, Appellants,
v.
CHARCOAL PIT, INC., a Florida corporation d/b/a Porterhouse Bar & Grill, Pete's Bar, David Rothenberg, Rosemary Rothenberg, John Doe Bartender and Jane Doe Bartender, Appellees.
No. 4D04-877.
District Court of Appeal of Florida, Fourth District.
March 16, 2005.
Rehearing Denied April 21, 2005.
*247 Charles M-P George, Coral Gables, for appellants.
Christopher S. Moore and Anthony DiMatteo of Gaebe, Mullen, Antonelli, Esco & DiMatteo, West Palm Beach, for Appellee-Charcoal Pit, Inc., a Florida corporation d/b/a Porterhouse Bar & Grill.
G. Jeffrey Vernis and Karen M. Nissen of Vernis & Bowling of Palm Beach, P.A., North Palm Beach, for Appellee-Pete's Cafe and Catering.
PER CURIAM.
The appellants in this dram shop action are the parents of the decedent, who was killed by a drunk driver who made a u-turn into the path of the decedent's motorcycle. Appellants are suing as personal representatives of his estate and individually. Appellees are the restaurant/bars that allegedly served alcohol to the drunk driver responsible for the fatal accident. We conclude that the trial court erred in granting summary judgment in favor of appellees, as genuine issues of material fact were created by the affidavit of the appellants' expert.
In opposition to appellees' motion for summary judgment, appellants submitted the affidavit of James M. Schaefer, Ph.D. Dr. Schaefer has been qualified before to testify as an expert in dram shop related cases in Florida. In formulating the opinions set forth in his affidavit, Dr. Schaefer reviewed numerous reports, publications, statements, documents, and depositions. However, at the time of the hearing on the motion for summary judgment, these materials had not been attached to the affidavit or filed with the court. The trial court rejected the affidavit because there was "no record evidence to support the findings and/or the opinions set forth in the affidavit." It then granted appellees' motions for summary judgment.
Appellants moved for rehearing and, in support thereof, filed the reports, publications, statements, documents, and depositions relied upon by Dr. Schaefer in reaching his opinions. They also filed the expert's amended affidavit to correct some non-substantive scrivener's errors. The court denied the motion for rehearing, apparently because the supporting materials had not been filed until the rehearing stage.
In rejecting the expert's affidavit for its reliance upon matters which were not of record, the trial court apparently had in mind Florida Rule of Civil Procedure 1.510(e), which states:
Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.
Appellants argue that the trial court erred in denying rehearing because they had cured any procedural or substantive deficiencies by filing with the court documents or affidavits demonstrating that summary judgment should not have been granted.
In Holl v. Talcott, 191 So.2d 40, 46-47 (Fla.1966), the affidavit of the medical malpractice expert was allegedly deficient because it failed to state what was wrong with plaintiff, it offered no medical explanation for why the acts of defendants were negligent, and it failed to connect the alleged negligence to the injury. On rehearing from summary judgment, the trial court refused to consider an amended affidavit that addressed these concerns. The Florida Supreme Court held that this was error:
[I]t appears that the defects were largely technical and subject to correction. A liberal treatment of the petitioner's motion should have led to an order giving *248 them the opportunity to supply the deficiencies.
Id. at 47; see also Stephens v. Dichtenmueller, 216 So.2d 448 (Fla.1968); Walden v. Chase Manhattan Bank, USA, N.A., 872 So.2d 432, 433 (Fla. 4th DCA 2004); Bridgeport Inc. v. Rinker Materials Corp., 849 So.2d 1193 (Fla. 4th DCA 2003); Sapphire Condo. Ass'n v. Amerivend Corp., 691 So.2d 600 (Fla. 4th DCA 1997).
In this case, the trial court was not presented with a new affidavit at the rehearing stage, but rather the omitted supporting documentation referenced in the initial affidavit. This is the kind of technical defect which Holl said should be curable. The trial court thus erred by not allowing appellants an opportunity to file and present the supplementary materials at the rehearing stage. Because the expert's opinions, along with these materials, raise material issues of fact, we conclude that the trial court erred in granting summary judgment. We therefore reverse and remand this cause for further proceedings consistent with this opinion.
REVERSED and REMANDED.
FARMER, C.J., SHAHOOD and TAYLOR, JJ., concur.