WARNER, J.
 

 By this petition for writ of certiorari United Automobile Insurance Company seeks review of a decision of the circuit court, sitting in its appellate capacity, affirming a summary judgment entered by the county court. Petitioner contends that the circuit court relied on the “tipsy coachman” doctrine
 
 [1]
 
 to affirm the summary
 
 *160
 
 judgment on the basis of the legal insufficiency of United’s affidavit in opposition to the motion for summary judgment, which was not the ground upon which the county court granted the motion. However, in so ruling, the circuit court failed to grant United’s request for an opportunity to amend its affidavit to correct the insuffi-ciencies. This constitutes a departure from the essential requirements of law which would result in a miscarriage of justice, denying United the opportunity to show that it is entitled to a trial on the merits.
 

 Dr. Peter Merkle, the respondent, treated one of United’s insureds for injuries suffered in an auto accident. Merkle submitted his bills to United, which refused payment. Merkle filed suit to collect the insured’s PIP benefits.
 

 Merkle moved for summary judgment on the issue of the reasonableness, relatedness, and necessity of the treatment provided. In support of the motion Merkle filed affidavits from himself and his billing manager. In opposition, United filed an affidavit from Dr. Richard Glatzer, who had conducted a peer review of the insured’s medical records. Generally, he opined that some of the treatment was unnecessary.
 

 At the hearing on the motion for summary judgment, the county court refused to consider Dr. Glatzer’s affidavit because he did not physically examine the insured. The court concluded that section 627.736(7)(a), Florida Statutes, required Dr. Glatzer to independently examine the insured in order to issue a “valid report” under the statute and that a peer review report which consisted of a review of the insured’s treatment records was insufficient to contest the reasonableness of the treatment. The trial court did not rule on Merkle’s oral objections to the legal sufficiency of Dr. Glatzer’s affidavit, as they did not affect the court’s opinion on the peer review issue.
 

 United appealed to the circuit court. While on appeal both the Second and Third Districts held that the statute did not require the reviewing physician to perform an independent medical examination before the insurer could contest payment of the treating physician’s bills.
 
 State Farm Mut. Auto. Ins. Co. v. Rhodes and Anderson, D.C., P.A.,
 
 18 So.3d 1059 (Fla. 2d DCA 2008);
 
 United Auto. Ins. Co. v. Bermudez,
 
 980 So.2d 1213, 1215 (Fla. 3d DCA 2008),
 
 receded from on other grounds by United Auto. Ins. Co. v. Santa Fe Med. Ctr.,
 
 21 So.3d 60 (Fla. 3d DCA 2009). United argued in its appellate brief that the circuit court should reverse.
 

 In response, Merkle argued that the county court should still be affirmed under the tipsy coachman rule because of the legal insufficiency of the Glatzer affidavit. In its reply brief, United argued that, at most, Merkle pointed to technical defects that could be cured and thus should not be a basis for summary judgment, citing
 
 Stephens v. Dichtenmueller,
 
 216 So.2d 448 (Fla.1968) (holding that party should have been afforded at least one opportunity to amend or supplement the expert affidavit to correct technical deficiencies);
 
 McCoy v. Hoffmeister,
 
 435 So.2d 989, 990 (Fla. 5th DCA 1983) (holding that non-moving party should have received an opportunity to
 
 *161
 
 correct the deficiency in an expert affidavit as “summary judgment should not be granted because of technical deficiencies in the non-movant’s affidavit”). Because the alleged defects in the affidavit could be corrected, the defects are not a basis for summary judgment without giving United an opportunity to amend, which United specifically requested.
 

 The circuit court decided the appeal in favor of Merkle based upon the legal insufficiency of the Glatzer affidavit, not on the statutory ground of failure to conduct an independent medical examination (“IME”) in support of Glatzer’s report. The circuit court did not provide leave for United to amend the affidavit. United then filed this petition for certiorari from that decision.
 

 In the interim, we decided
 
 Central Magnetic Imaging Open MRI of Plantation v. State Farm Fire and Casualty,
 
 22 So.3d 782 (Fla. 4th DCA 2009). In
 
 Central Magnetic,
 
 we concluded that an IME is not required for a peer review report. This is consistent with a recent decision by the Third District in
 
 United Automobile Insurance Co. v. Metro Injury & Rehab Center,
 
 16 So.3d 897 (Fla. 3d DCA 2009). Therefore, the issue raised in the county court has been resolved against the county court’s ruling.
 

 Certiorari review from an appellate decision of the circuit court is limited to instances where the circuit court did not afford procedural due process or where it departed from the essential requirements of law.
 
 See Allstate Ins. Co. v. Kaklamanos,
 
 843 So.2d 885, 889 (Fla.2003) (“A district court should exercise its discretion to grant certiorari review
 
 only
 
 when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice”) (emphasis in original);
 
 Haines City Cmty. Dev. v. Heggs,
 
 658 So.2d 523 (Fla.1995) (in reviewing a petition for cer-tiorari district courts of appeal should be primarily concerned with seriousness of error, not mere existence of error; a departure from the essential requirements of law is more than a legal error, it is an act that results in a gross miscarriage of justice);
 
 see also Ivey v. Allstate Ins. Co.,
 
 774 So.2d 679 (Fla.2000). A departure from the essential requirements of law is synonymous with the failure to apply the correct law.
 
 State v. Belvin,
 
 986 So.2d 516, 525 (Fla.2008).
 

 United claims that the circuit court departed from the essential requirements of law resulting in a miscarriage of justice when it failed to permit United an opportunity to correct the technical deficiencies in Dr. Glatzer’s affidavit. As this same issue has been addressed in
 
 Stephens,
 
 we are bound by the supreme court’s resolution.
 

 The supreme court quashed a decision of our court,
 
 Stephens v. Dichtenmueller,
 
 207 So.2d 718 (Fla. 4th DCA 1968), in which we affirmed a final summary judgment in an auto accident case. In our opinion we concluded that an affidavit offered by the plaintiff in opposition to the defendant’s motion for summary judgment did not have the effect of establishing the existence of a material issue of fact, because the affidavit was legally or technically deficient in several respects. Even though the plaintiff had moved to amend to correct the defects and raised this issue in her brief, our court affirmed, concluding that error had not been demonstrated.
 

 On petition for certiorari to the supreme court, the court held that our court had failed to apply the rationale of
 
 Holl v. Talcott,
 
 191 So.2d 40 (Fla.1966),
 
 [2]
 
 in refusing to permit amendment to the affidavit where the defects were “largely technical
 
 *162
 
 and may have been amenable to correction .... ”
 
 Stephens,
 
 216 So.2d at 450. The court explained, “Great caution should be exercised in any summary judgment proceedings not to deny a litigant ample opportunity to demonstrate that he is entitled to the benefit of a trial.”
 
 Id.
 
 In a strong concurring opinion, Justice Drew noted the right to a jury trial guaranteed by the Constitution should not be taken away lightly through a summary judgment where there is a genuine issue of material fact present in the suit.
 
 Id.
 
 at 451.
 

 We have continued to apply this rule requiring an opportunity to correct the affidavit where a summary judgment has been granted on the technical insufficiency of the affidavit.
 
 See, e.g., Verdino v. Charcoal Pit, Inc.,
 
 898 So.2d 246 (Fla. 4th DCA 2005).
 

 In this case, the circuit court failed to apply the correct law of
 
 Stephens
 
 when it affirmed the summary judgment on grounds that the Glatzer affidavit was technically deficient, without providing United the opportunity to cure the defects.
 
 Stephens
 
 also shows that it is a miscarriage of justice to deny a party the right to trial based upon a technical deficiency where the affidavit shows that a genuine issue of fact exists, even if the affidavit is deficient in form, where the party has requested leave to amend to correct the defects. That is the case here.
 

 Because the circuit court failed to apply the correct law, resulting in a miscarriage of justice, we grant the petition, quash the opinion of the circuit court, and remand for further proceedings.
 

 POLEN and STEVENSON, JJ., concur.
 

 [1]
 

 .
 
 See Dade County Sch. Bd. v. Radio Station WQBA,
 
 731 So.2d 638, 644 (Fla.1999) (explaining that "[i]n some circumstances, even though a trial court’s ruling is based on im
 
 *160
 
 proper reasoning, the ruling will be upheld if there is any theory or principle of law in the record which would support the ruling'');
 
 Cohen v. Mohawk, Inc.,
 
 137 So.2d 222, 225 (Fla.1962) (‘‘[I]f upon the pleadings and evidence before the trial court, there was
 
 any
 
 theory or principle of law which would support the trial court’s judgment in favor of the plaintiffs, the district court was obliged to affirm that judgment.”) (emphasis in original);
 
 see also Home Depot U.S.A. Co. v. Taylor,
 
 676 So.2d 479, 480 (Fla. 5th DCA 1996).
 

 [2]
 

 . United’s attorney cited
 
 Holl v. Talcott
 
 to the county court at the hearing on the motion for summary judgment. The court did not entertain argument, however, as the court had
 
 *162
 
 already determined the case based upon the peer review report issue.