LAGOA, J.
The petitioner, United Automobile Insurance Company (“United”), seeks certio-rari review of a decision of the circuit court appellate division that affirms a decision of the county court granting summary judgment in favor of the respondent, Affiliated Healthcare Centers, Inc. (“Affiliated”). Because we conclude that the circuit court appellate division departed from the essential requirements of the law, we grant the petition.
I. FACTUAL AND PROCEDURAL HISTORY
Affiliated sued United for personal injury protection (“PIP”) automobile insurance *129 benefits. As an affirmative defense, United alleged that the insured, Estrella Gutierrez (“claimant”), failed to attend a duly scheduled independent medical examination (“IME”).[1] Affiliated subsequently moved for summary judgment on the issue of United’s IME “no-show” affirmative defense. In support of its motion, Affiliated filed the affidavit of the attorney it retained to recover medical bills incurred by the claimant. The attorney attested that he “never ever received any notice of an independent medical examination in this case.”
In opposition, United filed the affidavit of the records custodian for Florida Medical Specialists (“FMS”), the vendor responsible for scheduling IME appointments for United. In the affidavit, the records custodian, Deidre Berkowitz, stated that she is the records custodian for FMS, and also “the person most familiar with the procedures for scheduling appointments for medical evaluations on this case.”[2] Attached to the records custodian’s affidavit were: (1) the FMS notice letter which was sent by certified mail to the claimant, together with the signature confirmation receipt signed by the claimant; and (2) the facsimile transmittal cover page (the “fax”), which contained the date, time, and location for the IME, together with the transmission verification report. The fax indicates that it was sent to the office of the claimant’s attorney by “Linda.”
At a hearing on the motion for summary judgment, the trial court struck the affidavit, concluding that it was based on hearsay. The trial court reasoned that because Linda was the only person who had personal knowledge of whether the fax was sent, the records custodian could not attest to what Linda did. In response, United requested the opportunity to amend the affidavit, in order to cure any defects. The trial court denied the request.
Ultimately, the trial court entered an order granting Affiliated’s motion for summary judgment. United appealed to the circuit court appellate division, arguing that the fax was admissible under the busi *130 ness records exception to the hearsay rule and that the trial court erred in failing to allow United to amend the affidavit to establish that the records custodian was competent to attest to the contents of the attached fax. The appellate division affirmed the trial court’s decision. This petition followed.
II. ANALYSIS
Section 90.803(6)(a), Florida Statutes (2009), contains the business records exception to the hearsay rule:
A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinion, or diagnosis, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity and if it was the regular practice of that business activity to make such memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, or as shown by a certification or declaration that complies with paragraph (c) and s. 90.902(11), unless the sources of information or other circumstances show lack of trustworthiness. The term “business” as used in this paragraph includes a business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.
Accordingly, in order to lay a proper foundation for the admission of a business record as required by section 90.803(6)(a), the affidavit must show that the record was:
1) made at or near the time of the event recorded, 2) by, or from information transmitted by, a person with knowledge, 3) kept in the course of a regularly conducted business activity, and 4) it was the regular practice of that business to make such a record.
Lowe’s of Tallahassee v. Giaimo, 552 So.2d 304, 305 (Fla. 1st DCA 1989) (quoting Saul v. John D. & Catherine T. MacArthur Found., 499 So.2d 917, 920 (Fla. 4th DCA 1986)).
Contrary to the trial court’s ruling, in order to lay a foundation for the business records exception to the hearsay rule, “it is not necessary to call the person who actually prepared the document.” Mann v. State, 787 So.2d 130, 135 (Fla. 3d DCA 2001). See also Forester v. Norman Roger Jewell & Brooks Int’l, Inc., 610 So.2d 1369 (Fla. 1st DCA 1992). The records custodian or any person “who has the requisite knowledge to testify as to how the record was made can lay the necessary foundation.” Mann, 787 So.2d at 135. Because the affidavit must set forth a proper foundation for the admission of a business record, however, an affidavit in support of summary judgment which merely states that documents appear in the files and records of a business is not sufficient to meet the requirements of the business records exception to the hearsay rule. See Crosby v. Paxson Elec. Co., 534 So.2d 787 (Fla. 1st DCA 1988); Thomasson v. Money Store/Fla., Inc., 464 So.2d 1309 (Fla. 4th DCA 1985).
Affiliated argued below that the affidavit failed to lay an adequate foundation for the admission of a business record because the records custodian failed to attest that the fax was prepared by or made from information transmitted by a person with knowledge, whose duty it was to transmit notices by fax, and that it was also the ordinary course of business practice for FMS to contact attorneys about IME appointments by fax. To the extent that the records custodian failed to lay a sufficient foundation for the admission of the fax as a business record in her affida *131 vit, the trial court was required to afford United at least one opportunity to amend the affidavit to correct this technical defect before entering summary judgment. See Stephens v. Dichtenmueller, 216 So.2d 448, 450 (Fla.1968) (finding that the trial court should have afforded plaintiff, pursuant to an oral motion, “at least one opportunity to amend or supplement the affidavit,” prior to entering summary judgment as deficiencies “were largely technical and may have been amenable to correction”). See also Hammond v. Joyce, 756 So.2d 162 (Fla. 2d DCA 2000) (finding that where deficiencies in plaintiffs affidavit in opposition to motion for summary judgment were correctable, trial court erred in striking affidavit without granting plaintiffs request to amend); Charlonne v. Rosenthal, 642 So.2d 632 (Fla. 3d DCA 1994) (summary judgment should not be granted because of correctable deficiencies in expert affidavit of non-moving party); McCoy v. Hoffmeister, 435 So.2d 989 (Fla. 5th DCA 1983) (trial court erred in denying motion to amend affidavit to include expert’s qualification to testify to matters contained in affidavit). Here, any deficiencies in the affidavit were technical and amenable to correction.
As the Fourth District recently concluded, the trial court’s refusal to permit amendment of an affidavit’s technical defects constitutes a departure from the essential requirements of the law resulting in a miscarriage of justice. In United Automobile Insurance Co. v. Merkle, 32 So.3d 159 (Fla. 4th DCA 2010), United sought review by petition for certiorari of the circuit court’s affirmance of a summary judgment entered by the county court which denied United’s request to amend an expert’s affidavit to correct insufficiencies. Relying upon Stephens, the Fourth District granted the petition and quashed the circuit court’s opinion. The court concluded:
In this case, the circuit court failed to apply the correct law of Stephens when it affirmed the summary judgment on grounds that the Glatzer affidavit was technically deficient, without providing United the opportunity to cure the defects. Stephens also shows that it is a miscarriage of justice to deny a party the right to trial based upon a technical deficiency where the affidavit shows that a genuine issue of fact exists, even if the affidavit is deficient in form, where the party has requested leave to amend to correct the defects. That is the case here.
32 So.3d at 162. We agree with our sister court’s conclusion.
Accordingly, the circuit court appellate division failed to apply the correct law in affirming the trial court’s denial of United’s request to amend the Berkowitz affidavit in order to correct technical deficiencies. This failure to follow the correct law was a departure from the essential requirements of the law resulting in a miscarriage of justice such that certiorari must be granted. See id.; United Auto. Ins. Co. v. Custer Med. Ctr., 990 So.2d 633, 634 (Fla. 3d DCA 2008); Williams v. Miami-Dade County, 969 So.2d 389 (Fla. 3d DCA 2007) (“Indeed, we are bound to affirm the lower tribunal unless ‘there has been a violation of a clearly established principle of law resulting in a miscarriage of justice.’ ” (quoting Ivey v. Allstate Ins. Co., 774 So.2d 679, 682 (Fla.2000))).
We grant the petition for writ of certio-rari and quash the opinion of the circuit court appellate division, and remand for further proceedings.

. Submission to a reasonably requested IME as provided in section 627.736(7), Florida Statutes (2005), is a condition precedent to coverage. See United Auto. Ins. Co. v. Custer Med. Ctr., 990 So.2d 633, 634 (Fla. 3d DCA 2008), review granted, 15 So.3d 580 (Fla.2009).

. Specifically, the affidavit stated in pertinent part:
3. This affidavit is based on my personal knowledge. The facts stated herein are true.
4. On or about April 2005, United Automobile requested that Florida Medical Specialists schedule IME appointments for Es-trella Gutierrez.
5. On April 29, 2005, Florida Medical Specialists sent a notice via certified mail to Estrella Gutierrez scheduling her for an IME appointment with Dr. Aaron Freedlan-der, D.C. (See IME notice and proof of mailing/delivery attached hereto as Composite Exhibit "A”).
6. Said notice explained that an appointment for an IME with Dr. Freedlander was scheduled for Estrella Gutierrez to take place on May 20, 2005 at 4:30 PM at 10080 SW 56 Street #6 Miami, FL 33165. (See Composite Exhibit "A”).
7. Florida Medical Specialists also contacted claimant's representing attorney, Robert Rubenstein, P.A., via facsimile, about the IME appointment on May 11, 2005. (See facsimile transmittal cover page and transmission verification report attached as Composite Exhibit “B").
8. Neither Estrella Gutierrez, nor anyone on her behalf contacted Florida Medical Specialists, Inc. to cancel or reschedule the IME appointment.
9. I have reviewed the attached exhibits and do hereby attest that all are true and correct copies of the originals which are kept in the ordinary course of business.