# Third District Court of Appeal

## State of Florida

Opinion filed March 3, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-1921
Lower Tribunal No. 16-33252
_____

**Michael King,**
Appellant,

vs.

**Stanislav Zaslavskiy,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Silverberg & Weiss, P.A., and Paul K. Silverberg and Kraig S. Weiss (Weston), for appellant.

Eric J. Grabois, for appellee.

Before LOGUE, MILLER and LOBREE, JJ.

PER CURIAM.

Appellant, Michael King, appeals a final summary judgment rendered

in favor of appellee, Stanislav Zaslavskiy. In the proceedings below, King opposed summary judgment through the filing of two declarations that he contended demonstrated a genuine issue of material fact. Although authorized under Rule 56 (c)(4) of the Federal Rules of Civil Procedure governing federal summary judgment proceedings, it is far from clear that such declarations are similarly admissible in Florida summary judgment proceedings. We decline to decide that issue here. The documents submitted in opposition to summary judgment were based upon personal knowledge and sworn under penalty of perjury, and the motion to exclude them was not made until the hearing on summary judgment. Accordingly, appellant's motion for a continuance to correct the technical differences between a declaration and an affidavit should have been granted. See United Auto. Ins. Co. v. Affiliated Healthcare Ctrs., Inc., 43 So. 3d 127, 131 (Fla. 3d DCA 2010) ("[T]he trial court's refusal to permit amendment of an affidavit's technical defects constitutes a departure from the essential requirements of the law resulting in a miscarriage of justice."); United Auto Ins. Co. v. Merkle, 32 So. 3d 159, 162 (Fla. 4th DCA 2010) ("In this case, the circuit court failed to apply the correct law . . . when it affirmed the summary judgment on grounds that the Glatzer affidavit was technically deficient, without providing United the opportunity to cure the defects.") (citing

<u>Stephens v. Dichtenmueller</u>, 216 So. 2d 448 (Fla. 1968)).

Reversed.