# Third District Court of Appeal

## State of Florida

Opinion filed October 2, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-148
Lower Tribunal No. M22-15662
_____

**T.M.,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Javier Enriquez, Judge.

Carlos J. Martinez, Public Defender, and John Eddy Morrison, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Jacqueline I. Kurland, Senior Assistant Attorney General (Fort Lauderdale), for appellee.

Before LOGUE, C.J., and MILLER and LOBREE, JJ.

LOBREE, J.

T.M. appeals an order granting a petition for involuntary outpatient

treatment pursuant to section 394.4655, Florida Statutes (2022).[1]  Upon review of the record, we find the trial court erred in granting the State's petition as there was no competent, substantial evidence to support that T.M. had twice been involuntarily admitted to a treatment facility within the preceding thirty-six months, as required for a person to be ordered to involuntary outpatient services.  See § 394.4655(2)(e)1., Fla. Stat. (2022) ("A person may be ordered to involuntary outpatient services upon a finding of the court, by clear and convincing evidence, that the person meets all of the following criteria: . . . (e) The person has: 1. At least twice within the immediately preceding 36 months been involuntarily admitted to a receiving or treatment facility . . . .").

The evidence the State relied upon was testimony from the treating physician that she had reviewed T.M.'s medical records during his examination, T.M. had been recommended to participate in treatment within the past thirty-six months, and T.M. admitted that he previously failed to comply with treatment.  However, that testimony alone was insufficient to meet the State's burden regarding the timing and frequency of T.M.'s prior treatment over the defense hearsay objection.  "Florida courts have routinely

---

[1] Although the commitment has expired this appeal is not moot as collateral legal consequences that affect the rights of T.M. may flow from the issue to be determined.  See Godwin v. State, 593 So. 2d 211, 212 (Fla. 1992).

recognized that an expert's testimony 'may not merely be used as a conduit for the introduction of the otherwise inadmissible evidence.'" Linn v. Fossum, 946 So. 2d 1032, 1037–38 (Fla. 2006) (quoting Erwin v. Todd, 699 So. 2d 275, 277 (Fla. 5th DCA 1997)).  In the absence of personal knowledge of the witness, or admission of T.M.'s relevant medical records via a records custodian or a business records affidavit, we are constrained to reverse. See United Auto. Ins. Co. v. Affiliated Healthcare Ctrs., Inc., 43 So. 3d 127, 130 (Fla. 3d DCA 2010) ("[I]n order to lay a proper foundation for the admission of a business record as required by section 90.803(6)(a), the affidavit must show that the record was: 1) made at or near the time of the event recorded, 2) by, or from information transmitted by, a person with knowledge, 3) kept in the course of a regularly conducted business activity, and 4) it was the regular practice of that business to make such a record." (quoting Lowe's of Tallahassee v. Giaimo, 552 So. 2d 304, 305 (Fla. 1st DCA 1989))).

Reversed.